Mr. Charles L. Schlumberger Quattlebaum, Grooms, Tull Burrow PLLC 111 Center Street, Suite 1900 Little Rock, Arkansas 72201
Dear Mr. Schlumberger:
 I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the decision of the custodian of records for the Pulaski County Special School District ("PCSSD") to deny access to certain records regarding one of its employees is consistent with the Arkansas Freedom of Information Act ("FOIA"). See A.C.A. §§ 25-19-101 — to 109 (Supp. 2005). Specifically, you note that you are counsel for KTHV Channel 11. You state that Channel 11 has received information that a particular employee was "suspended from his position as an instructor at one PCSSD school and upon reinstatement was reassigned to another PCSSD school." Your request indicates that the alleged misconduct "involves inappropriate use, of a sexual nature, of the images of PCSSD students." Correspondence attached with your request reflects that your client made an FOIA request for "any and all personnel records" of the employee "regarding any disciplinary actions and/or suspensions."
The School District responded by correspondence indicating that "[t]he records . . . are exempt from disclosure under the Act in that the records constitute employee evaluation or job performance records exempted from disclosure pursuant to Ark. Code Ann. 25-19-105." You have enclosed subsequent correspondence from Channel 11 to the School District objecting to the denial and you also note that thereafter, PCSSD's attorney telephoned representatives at Channel 11 and informed them that "the PCSSD would not produce the records, having determined that there is no compelling public interest in their disclosure. . . ."
You have requested my opinion on whether this denial is consistent with the provisions of the FOIA.
RESPONSE
I must note as an initial matter that I have not been provided with any relevant records in this regard. I am unable to determine from recited allegations about what the records might contain whether the test for the release of employee evaluation or job performance records has been met in this instance. I have set out below, however, a discussion of the factors to consider when determining whether a "compelling public interest" exists. My predecessors and I have consistently opined in this regard that the public's interest in school employee misconduct affecting students is "heightened" and "particularly compelling." Not having reviewed the records in question, however, I cannot determine conclusively whether this characterization is applicable to the records in question or whether in fact the alleged infraction even occurred. I have set out the relevant tests below.
It appears from the nature of the FOIA request, which seeks "personnel records . . . regarding any disciplinary actions and/or suspensions," that most of the responsive records would in all likelihood be classified as "employee evaluation or job performance records" rather than "personnel records" for purposes of the FOIA. This is evidently the characterization placed upon the records by the custodian. It is important to identify the correct classification of the records, because the FOIA sets forth different tests to govern the releasability of the two types of records.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).[1]
Suspension or termination is a threshold requirement for the release of employee evaluation or job performance records. See, e.g., Ops. Att'y. Gen. 2001-204, 2001-125, and 1997-189. Lesser forms of discipline do not trigger release of such records. See e.g., Op. Att'y. Gen. 2005-233, fn.1, citing Ops. Att'y. Gen. 98-006 and 91-303. In addition, the records must "form a basis" for the decision to suspend or terminate the employee in order to be subject to release. See Op. Att'y. Gen. 2005-030. I have previously stated that the questions of whether a final administrative suspension or termination has occurred and whether the records form a basis for that action are ones of fact, which can be readily determined by the custodian of the records. See Ops. Att'y. Gen. 2005-058; 2005-032; 2005-011; 2004-178; and 2003-078. You note that these "first and second prongs . . . appear to have been met" stating that: "[a]lthough neither the PCSSD nor its attorney would confirm or deny that a final administrative suspension occurred, or that the requested records formed the basis for the decision . . . their silence on these issues, coupled with the fact that they have not relied on either of the first two prongs in denying KTHV's request, presents at least a rebuttable presumption that these two prongs have been met." Again, however, these issues are ones of fact to be determined initially by the custodian, subject of course, to the right of judicial review. See A.C.A. §25-19-105(c)(3)(C).
Assuming that there has been a final administrative resolution of a suspension or termination proceeding and that records exist which "form a basis" for that decision, the remaining criterion for release of the records is that there be a "compelling public interest" in their disclosure. As I recently stated in Op. Atty. Gen. 2005-011:
 The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Leading commentators on the FOIA have provided some guidelines for determining whether such an interest exists. See Watkins and Peltz, The Arkansas Freedom of Information Act, m m press, 4th ed. 2004. The authors state: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins and Peltz, Id. at 205. Watkins and Peltz also point out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins and Peltz, Id. at 204-205.
Id. at 5.
The nature of the alleged infraction in this instance, assuming it is borne out by applicable records, reflects a "breach of trust or illegal conduct" as noted above.[2] As a consequence, the public's interest in the information is "most likely to be compelling. . . ." Id. See also
Op. Att'y. Gen. 2002-095. In addition, my predecessors and I have "consistently opined that the public generally has a heightened interest in records reflecting the conduct of public school teachers during school hours, during school events, and on school property" and that "[t]his interest is further heightened where students are impacted." Op. Att'y Gen. Nos. 2003-381, citing 2002-320(discussing the § 25-19-105(b)(12) "personnel records" exemption); 2002-158 (characterizing such interest as "particularly compelling" for purposes of A.C.A. § 25-19-105(c)(1)). Seealso, Ops. Att'y. Gen. 2001-350; 2001-158; 2001-154; 2001-153; 2001-151; 2001-150; 2001-149; 2001-148; 2001-147; 2001-144; and 2001-142. Additionally, the assertion that the employee is allegedly still employed by the PCSSD, if true, reinforces the public's interest in my opinion.Cf. Op. Att'y. 1994-119 and 1993-356 (discussing this factor in connection with a constitutional right to privacy analysis under City ofLittle Rock v. McCambridge, 298 Ark. 219, 766 S.W.2d 909 (1989)).
Similarly, I and my predecessors have often concluded that information relating to sexual misconduct in connection with public employment gives rise to a compelling public interest for purposes of A.C.A. §25-19-105(c)(1). See e.g, Ops. Att'y. Gen. 2005-032 (sexual harassment); 2004-012 (same); 2002-005 (sexual misconduct by sheriff's deputies involving female prisoners); 2002-095 (sexual harassment). See also,
Ops. Att'y. Gen. 2002-237; 2001-028; 1999-361; 1994-119; 1993-356; 1991-003 and 1989-073.
As noted previously, however, I have not been provided with copies of the records in this instance. I cannot conclusively determine, therefore, whether any records responsive to the request in this instance are properly subject to release as "employee evaluation or job performance records."[3] I can do no more than set out the most relevant law surrounding the issue and attempt to characterize the public's interest from the information provided. The custodian of the records must make the initial determination regarding the "compelling public interest" prong, subject of course to the right of judicial review.
Finally, I should caution that even if the records are properly subject to release under the appropriate test, it will in all likelihood be necessary to redact any information relating to students that would be exempt under A.C.A. § 25-19-105(b)(2). As I stated in Opinion 2003-381:
 In my opinion, all students' names should be redacted from these records before they are released. These references could constitute the type of "personally identifiable information" that is protected from disclosure under the federal Family Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA) and that is specifically exempt from disclosure under the FOIA. See A.C.A. § 25-19-105(b)(2).
Id. at 6.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] "Personnel records" on the other hand, are subject to release except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005).
[2] You have not indicated whether any law enforcement investigation is pending with regard to the allegations in question. If so, consideration of the exemption for "undisclosed investigations by law enforcement agencies of suspected criminal activity" may be necessary. See A.C.A. §25-19-105(b)(6) (Supp. 2005).
[3] I have not been given power under A.C.A. § 25-19-105(c) to compel the production of documents or, if necessary, to act as a fact-finder in rendering opinions concerning them. See generally Ops. Att'y. Gen.2005-085(fn. 1); and 1999-339.